**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincente Jose Vargas,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-16-03661-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Vincente Jose Vargas's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 19, "Pl's Br."), Defendant SSA Commissioner's Opposition (Doc. 21, "Def's Br."), and Plaintiff's Reply (Doc. 22, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 14, R.) and affirms the Administrative Law Judge's decision (R. at 11–21) as upheld by the Appeals Council (R. at 1–4).

**I.    BACKGROUND**

Plaintiff filed his Applications on December 13, 2012, for a period of disability beginning August 1, 2009. (R. at 11.) Plaintiff's claim was denied initially on April 9, 2013, and on reconsideration on November 7, 2013. (R. at 11.) Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on December 12, 2014. (R. at

26–58.) On May 8, 2015, the ALJ denied Plaintiff's Application. (R. at 11–21.) On August 23, 2016, the Appeals Council upheld the ALJ's decision. (R. at 1–4.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of degenerative disc disease; cervical and lumbar listhesis; multilevel cervical disc protrusions; right-sided L4 pars interarticularis defect; and depressive disorder. (R. at 13.) The ALJ concluded that Plaintiff does not have the residual functional capacity ("RFC") to perform his past relevant work, but, relying on the testimony of a Vocational Expert ("VE"), the ALJ concluded Plaintiff has the RFC to perform sedentary, unskilled work, including work as a document preparer, escort vehicle driver, and call out operator. (R. at 20–21.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration: (1) the ALJ erred by failing to support her decision with substantial evidence because she misstated two pieces of evidence; (2) the ALJ erred in weighing the opinions of Plaintiff's examining physicians, Drs. Behinfar and Geary; and (3) the ALJ erred in failing to order a physical evaluation of Plaintiff. (Pl's Br. at 9–11.)

. . . .

### A. The ALJ's Determination is Supported By Substantial Evidence

Plaintiff first argues that, because the ALJ misstated two pieces of evidence in the record, substantial evidence cannot support her decision to discount Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms. (Pl's Br. at 9.)

"Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492–93 (9th Cir. 2015) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)) (internal quotation marks omitted). An ALJ's finding that a claimant is not credible, "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter*, 806 F.3d at 493 (internal citations and quotation marks omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (internal citations and quotation marks omitted). Where an ALJ's error is "harmless and does not negate the validity of the [] ultimate conclusion," the Court shall uphold the ALJ's determination. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff points to two alleged misstatements by the ALJ in support of his argument. First, Plaintiff argues that the ALJ erroneously stated that a nurse practitioner, rather than a physician, performed Plaintiff's pain management examinations and treatment at Desert Pain and Rehabilitation Specialists. (R. at 9.) Second, Plaintiff argues that the ALJ erred in interpreting Plaintiff's records from the Laser Spine Institute by concluding that no surgical procedure had actually been recommended when evidence suggests that Dr. Gross did in fact make a preliminary surgical recommendation. (R. at 9.)

As the ALJ noted, Plaintiff reported severe pain in his neck, low back, legs and feet, which is aggravated by standing and walking. (R. at 15.) In 2009, he left job as a car salesperson because of the walking and standing required. (R. at 15). Now, he alleges that he can walk for no more than a single block, cannot do any lifting or carrying, and is limited to standing for 15 to 20 minutes, and sitting for 20 to 30 minutes. (R. at 15.) As a result he claims to suffer from depression and anxiety, which leads to difficulty remembering, focusing, and concentrating. (R. at 15.) Although the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause [his] alleged symptoms," she rejected his "statements concerning the intensity, persistence and limiting effects of th[o]se symptoms" because Plaintiff's testimony was not credible. (R. at 18.)

The ALJ articulated several reasons for this conclusion. First, the ALJ pointed to evidence in the record that conflicted with Plaintiff's own stated ability to work. (R. at 18–19.) Although Plaintiff testified that he had been unable to work since 2009, (*see* R. at 34), his medical records contain ample evidence demonstrating that Plaintiff continued to engage in strenuous, manual labor well past his alleged date of disability. (R. at 16–17.) Those records[1] include numerous statements by Plaintiff that he "remain[ed] active" and "work[ed] on his own business designing and building decorative iron work fences" *three years* after the alleged date of disability. (R. at 282.) Additionally, Plaintiff's records from Desert Pain and Rehabilitation Specialists show that Plaintiff repeatedly informed his doctors that medication effectively controlled his pain. (*See, e.g.*, R. at 300, 315.) Again, Plaintiff made these statements after the date he alleges that he became disabled. In light of the extent of evidence demonstrating Plaintiff's ability to work after his alleged date of disability, substantial evidence supported the ALJ's decision to discount Plaintiff's subjective testimony.

---

[1] These include Plaintiff's records from Desert Pain and Rehabilitation Specialists, to which Plaintiff contends the ALJ did not afford adequate weight. Thus, the Court disagrees with Plaintiff's argument that "[t]he ALJ ignored the pain management treatment performed by Dr. Ratcliffe." (Pl's Br. at 9). Instead, the ALJ looked closely at Dr. Ratcliffe's treatment records to discredit Plaintiff's current testimony.

"[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). As a result, the Court concludes that the ALJs minor misstatements have no bearing on her ultimate determination that Plaintiff was not credible, particularly in light of Plaintiff's egregious misrepresentations. Thus, any error by the ALJ in misstating evidence in the record was harmless.

**B. ALJ Properly Discounted the Opinions of Drs. Behinfar and Geary**

Plaintiff next contends that the ALJ erred by discounting the opinions of Dr. Behinfar and Dr. Geary, each of whom performed a psychological consultative examination on Plaintiff. (Pl's Br. at 9–10.) An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830-31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* If an ALJ determines that a plaintiff's description of his own limitations is not credible, "it is reasonable to discount a physician's [opinion] that was based on those less than credible statements." *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.").

Here, the ALJ refused to give significant weight to the medical opinions of either Dr. Behinfar or Dr. Geary because Plaintiff reported to each that he had not worked since either 2008 or 2006. (R. at 19.) Thus, the ALJ concluded that both reports were unreliable because they were in large part based on Plaintiff's subjective statements, which the ALJ deemed not credible. (R. at 19.) Instead, the ALJ adopted the opinion of the State Agency medical consultant that Plaintiff "did not have a severe mental impairment." (R. at 19.) Nevertheless, in an effort to afford Plaintiff the benefit of the doubt, the ALJ found that

Plaintiff's ability to work was somewhat "limited due to his depression." (R. at 19.) The ALJ thus presented the VE with an RFC that "restricted [Plaintiff] to simple routine and repetitive tasks, simple work-related decisions, and simple instructions with few changes in the work setting." (R. at 20, 54–56.)

With regard to Dr. Behinfar's testimony, Plaintiff fails to demonstrate how the ALJ's decision to discount Dr. Behinfar's opinion testimony affected the ALJ's formulation of Plaintiff's RFC and thus, her ultimate disability determination. Plaintiff concedes as much in his Reply when he asks only that the Court "reverse and remand for proper consideration of Dr. Geary's opinions." (Reply at 5.) Because Plaintiff fails to demonstrate how the ALJ's decision to discount the opinion of Dr. Behinfar would have affected her formulation of the RFC, the Court finds no error.

Turning to Dr. Geary's records, Plaintiff argues that the ALJ erred by failing to incorporate in the RFC Dr. Geary's opinion that Plaintiff would need more frequent breaks and that employers would need to spend extra time monitoring his progress. (Pl's Br. at 10.) In particular, Plaintiff argues that the ALJ misconstrued the extent of Plaintiff's statements to Dr. Geary and thus erroneously concluded that Plaintiff misrepresented his work history to Dr. Geary.[2] (Pl's Br. at 10.)

Dr. Geary's examination and report consists largely of Plaintiff's subjective reports of his symptoms and pain levels. Because the ALJ previously found that Plaintiff's subjective symptom testimony was not credible—and because this Court finds support for that conclusion—the ALJ did not err by discrediting a physician's opinion that was largely based on those subjective complaints. *See Bray*, 554 F.3d at 1228; *Tommasetti*, 533 F.3d at 1041 (affirming ALJ's rejection of physician opinion which

---

[2] In his Motion, Plaintiff argues that "[t]here is simply no evidence to support the ALJ's assertion that [he] was being less than forthcoming with doctors or any one else during the entire claim process." (Pl's Br. at 10.) This argument ignores the evidence in the record. As recounted earlier, Plaintiff's medical records demonstrate that, until at least 2013, Plaintiff continued to engage in strenuous, manual labor despite claiming to be disabled during that period. (*See, e.g.*, R. at 306, 377, 379.) This differs substantially from a "couple of months" of work for an automobile dealership, (Pl's Br. at 10), and the post-2009 "odds-and-ends work" that Plaintiff argues he testified to at his hearing, which consisted solely of selling his grandfather's collectibles on Craigslist. (R. at 32–33.)

largely reflects the plaintiff's own subjective complaints, "with little independent analysis or diagnosis.") Although Plaintiff is correct that Dr. Geary did make note of the fact that Plaintiff appeared to be in pain during the examination, this does not lessen the fact that the majority of Dr. Geary's examination notes consist of Plaintiff's discredited, subjective complaints. (*See* R. at 507–09.) Therefore, the ALJ's rejection of Dr. Geary's opinion was not erroneous.

### C. ALJ Did Not Err in Failing to Order a Further Consultative Exam

Finally, Plaintiff argues that the ALJ erred by failing to order a physical consultative examination. (Pl's Br. at 10–11.) "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). In this case, the record contains medical records and examination or treatment notes from no fewer than five different sources. The Court thus finds that the record was adequate and that the evidence was unambiguous. Accordingly, the ALJ did not err by failing to order a further consultative examination.

## IV. CONCLUSION

Plaintiff raises no error on the part of the ALJ, and the SSA's decision denying Plaintiff's Application for Supplemental Security Income benefits under the Act was supported by substantial evidence in the record.

**IT IS THEREFORE ORDERED** affirming the May 8, 2015 decision of the Administrative Law Judge (R. at 11–21), as upheld by the Appeals Council on August 23, 2016 (R. at 1–3.).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 9th day of May, 2018.

Honorable John J. Tuchi
United States District Judge